**CAUSEY v. LOCKRIDGE et al. (three cases).**

Nos. 4046–4048.

District Court, E. D. South Carolina.

March 17, 1938.

Norval N. Newell and Marion F. Winter, both of Moncks Corner, S. C., and D. M. Winter, of Columbia, S. C., for plaintiffs.

Waring & Brockinton, of Charleston, S. C., for defendants.

MYERS, District Judge.

These matters are before me on motion to remand to the court of common pleas for Berkeley county, State of South Carolina, in which the causes originated, and from which they were removed on petition alleging adverse citizenship of all defendants.

Motion to remand and traverse denied adverse citizenship of the defendants Lockridge and Terry.

On hearing, defendants' counsel urged the failure to file the traverse within the time required by rule 242. The rule provides that allegations of the petition shall be deemed admitted unless traverse is filed with the clerk within ten days after the filing in this court of the transcript of record from the state court. This was not done in the instant case.

However, the question raised being one that if made to appear at any time as contended for by plaintiffs would defeat the jurisdiction of this court, and one which could be developed at any time throughout the trial if held not properly before the court at this time by invocation of the rule, the court ordered that the hearings proceed upon the allegations of the petition and traverse with supporting affidavits.

The traverse as to citizenship of the defendant Terry was abandoned.

Lockridge was shown, by affidavits and his own admissions, to have resided in South Carolina for a period of about six years, and within that period having applied for and having received automobile driver's licenses at his address, given as Gough, South Carolina.

It appears, however, that Lockridge, while living in the State of Virginia, was employed by the defendant Ellis, a resident of the State of New York, to proceed to properties of Ellis in this state to act in the capacity of woods-rider, or its equivalent, and that throughout his South Carolina residence he had maintained his Virginia citizenship by payment of capitation tax, by remaining on the list of qualified voters of the Virginia District and by exercising there the right of franchise.

Domicile is a matter of intention. Intention may be presumed, where absence from the asserted domicile has been as extensive as here. But the presumption may be overcome, as here, by substantial evidence of intent to maintain the status of domicile as against the residential status.

It is clear that the defendant Lockridge has his domicile and citizenship in the State of Virginia, and that this court has jurisdiction of the causes mentioned.