## TUDOR v. LESLIE et al.

### No. 793 Civ. A.

District Court, D. Massachusetts.

Dec. 3, 1940.

B. Loring Young and Richard D. Gerould, both of Boston, Mass., for plaintiff.

K. C. Parker and Sawyer, Hardy, Stone & Morrison, all of Boston, Mass., for defendant.

970

BREWSTER, District Judge.

■■ This action is to recover for personal injuries. Diversity.of citizenship is alleged and denied. At the request of the plaintiff, a preliminary hearing was held under Federal Rules of Civil Procedure, rule 12(d), 28 U.S.C.A. following section 723c, on the question whether plaintiff was a citizen of Massachusetts, as·claimed by defendants. When the hearing was assigned, it was supposed that plaintiff had filed and served a written application for the preliminary hearing on this defense. I find none in the papers. The defendants have appeared without protest and cross-examined the plaintiff, and since one of the purposes of the rules is to avoid technicalities and to cut through formalities, I will proceed upon the oral application, although in my judgment a written application would have been the better practice.

- These facts appear. The plaintiff was injured in an automobile accident in December, 1939. In March, 1940, she went to Santa Barbara, where her mother lived, and stayed until July, 1940. While in California, the action was brought in this court. In October, she registered as a voter in this Commonwealth and voted here in November. Since 1936, she has lived outside of California a greater part of the time, residing for periods of different duration in Florida, New York and Boston. In 1939, she leased, in her own name, an apartment in Boston, which lease is still in force. She obtained a license to operate an automobile from the Massachusetts authorities, and little was shown inconsistent with an established domicile in Massachusetts except the fact that her mother maintains a home in California, which the plaintiff has always looked upon as her home.

■ Citizenship for jurisdictional purposes depends on domicile. Bjornquist v. Boston & A. R. Co., 1 Cir., 250 F. 929, 5 A.L.R. 951; Prince v. New York Life.Ins. Co., D.C., 24 F.Supp. 41. Residence in fact coupled with the purpose to make the place of.residence one's home are the essential elements of domicile. Texas v. Florida et al., 306 U.S. 398, 424, 59 S.Ct. 563, 830, 83 L.Ed. 817, 121 A.L.R. 1179. Statements of intention are entitled to little weight when in conflict with facts. Texas v. Florida, supra.

■■ When the suit was brought, plaintiff was visiting her mother in California. It cannot be presumed that she went to Santa Barbara with any intention of making that her permanent home. Her extended absences from that place rebut any such presumption. The act of registering as a voter in Boston involved a declaration of residence in Massachusetts for one year and in the city for six months. Ch. 51 of Ann. Laws of Mass., §§ 1, 42 and 44. Place of residence is prima facie the domicile unless there be some motive for that residence not inconsistent with a clearly established intention to retain a permanent residence elsewhere. Ennis v. Smith, 14 How. 400, 423, 14 L.Ed. 472. The exercise of the right of franchise in a state has been held an important factor in the determination of one's domicile. Causey v. Lockridge et al., D.C., 22 F.Supp. 692.

At this preliminary stage and upon plaintiff's application, I rule that diversity of citizenship has not been shown between plaintiff and defendant. The action, therefore, must be dismissed for want of jurisdiction. Morris v. Gilmer, 129 U.S. 315, 9 S.Ct. 289, 32 L.Ed. 690.