# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

RAYMOND J. LYNCH *vs.* HAROLD KAUFMAN, administrator (and three companion cases [1]). May 2, 1952. Exceptions overruled. This is one of four actions of tort to recover for personal injuries and property damage sustained in a collision between a motor truck operated by one Roberts, an employee of Rand Express Freight Lines, Inc. (hereinafter called the defendant), and three other motor vehicles. A verdict was returned for the plaintiff in each case. The only exception argued relates to a question of evidence, and arose in these circumstances. At the pre-trial hearing it was stipulated by the parties that "An automobile owned by the defendant, Rand Express Freight Lines, Inc., was being operated by Earl G. Roberts who was in . . . [its] employ." Both at the pre-trial hearing and at the trial the defendant took the position that Roberts was not acting within the scope of his employment at the time of the accident. The plaintiffs introduced a certified copy of a New York registration certificate showing that the truck involved in the accident was registered in the defendant's name as owner. In an attempt to avoid the consequences of G. L. (Ter. Ed.) c. 231, § 85A, the defendant sought to introduce evidence to the effect that the defendant was not an owner within the purview of § 85A but was merely a lessee and that the definition of owner under the New York registration statute included lessees. The evidence was excluded on the ground that the defendant was bound by its pre-trial stipulation that it owned the truck involved in the accident. There was no error. Rule 57A of the Superior Court (1932). *Capano* v. *Melchionno*, 297 Mass. 1, 14–15. *Fanciullo* v. *B. G. & S. Theatre Corp.* 297 Mass. 44, 51. *R. Dunkel, Inc.* v. *V. Barletta Co.* 302 Mass. 7, 9. The defendant at no time asked to be relieved from the stipulation, and there is nothing in the record to indicate that it was improvidently made or that in the interests of justice it ought to have been discharged. See *Gurman* v. *Stowe-Woodward, Inc.* 302 Mass. 442, 448.

*Michael T. Prendergast,* for the defendants.
*Raymond T. King,* (*Raphael B. Hartley & Sidney M. Cooley* with him,) for the plaintiffs.