Constance MUNRO

v.

Richard DOHERR et al.

Civ. A. No. 57–353.

United States District Court
D. Massachusetts.

Nov. 20, 1957.

Walter T. Ollen, Boston, Mass., for plaintiff.

Ralph D. Weston, John P. Morgan, Boston, Mass., for defendants.

ALDRICH, District Judge.

At the pretrial hearing of this case a question arose as to the jurisdiction of the court. The plaintiff is a local citizen. One defendant, the alleged owner of the car involved in the accident, is a citizen of Pennsylvania. There is a question of the citizenship of the other defendant, the alleged operator, he contending that it is Massachusetts. On this posture, the situation is this. While Mass.G.L.(Ter.Ed. 1932), Ch. 231, § 85A, establishes a prima facie case of responsibility [1] of the registered owner for the driver, irrespective of their domiciles or of the state of registration, Lynch v. Kaufman, 329 Mass. 762, 105 N.E.2d 848, it certainly does not make the driver an indispensable party, even if they could be regarded as joint tort-feasors. Cf. Ward v. Deavers, 92 U.S.App.D.C. 167, 203 F.2d 72. There is nothing, on the other hand, in plaintiff's suggestion that, having acquired jurisdiction over the owner, jurisdiction attaches over the driver, whatever his citizenship, by some theory of pendent jurisdiction. Cf. Devost v. Twin State Gas & Electric Co., 1 Cir., 250 F. 349. The case can proceed against the owner if it is dismissed as against the possibly local defendant. Wells v. Universal Pictures Co., 2 Cir., 166 F.2d 690; Dollar S. S. Lines v. Merz, 9 Cir., 68 F.2d 594.

The question of the citizenship of the driver, being a jurisdictional matter, I hold is to be resolved by the court, rather than by a jury. See Moore, Federal Practice, § 38.36. I will hear the evidence and determine it in advance of trial, Tudor v. Leslie, D.C.D.Mass., 35 F.Supp. 969, unless the plaintiff elects to dismiss as against this defendant.

1. Not "agency," Wilson v. Hazard, D.C.D.Mass., 145 F.Supp. 23.