Shirley M. RUSSELL, Appellant,

v.

NEW AMSTERDAM CASUALTY COMPANY and Consumers Public Power District, Appellees.

No. 17405.

United States Court of Appeals
Eighth Circuit.

Jan. 6, 1964.

Charles E. Kirchner, Omaha, Neb., James J. FitzGerald, Omaha, Neb., on the brief, for appellant.

John E. Dougherty, York, Neb., for appellee Consumers Public Power District.

No attorney for appellee New Amsterdam Casualty Co.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

MATTHES, Circuit Judge.

For the second time this action for damages for the alleged wrongful death of James G. Russell, which occurred on July 26, 1958, is before us. The first appeal was focused principally upon the question whether the trial court had properly dismissed the cause of action on the ground that it was barred by the Nebraska two-year statute of limitations. We reversed and remanded, Judge Johnsen dissenting. Russell v. New Amsterdam Casualty Co., 303 F.2d 674 (8 Cir., 1962). In our former opinion, we recognized that the defendant Consumer Public Power District (Power District), appellee there and on this appeal, was also challenging the jurisdiction of the court because of lack of diversity of citizenship.[1] We pointed out that diversity of *citizenship* and not of *residence* was essential; that in an action for wrongful death brought by the legal representative of the deceased, federal jurisdiction based on diversity is to be determined by the citizenship of the representative. However, we refrained from attempting to resolve whether jurisdiction in fact existed and concluded that plaintiff should have an opportunity to further amend "if the facts will permit, by alleging proper jurisdictional requirements."

Subsequent to our remand, plaintiff filed an amended complaint in which she alleged that on the date the action was commenced [July 25, 1960] she was a citizen of the State of South Dakota and that the "defendant" is a Nebraska corporation and a citizen of that state.[2] In its answer to this complaint defendant Power District denied that jurisdiction existed.

The issues having been joined, the case was tried before a jury. At the close of plaintiff's case the Power District challenged the court's jurisdiction by a motion to dismiss. The motion was renewed at the close of all of the evidence and ruling thereon was reserved by the

[1.] Appellee contended that plaintiff was a citizen of the State of Nebraska at the time the action was commenced; that defendant Consumers Public Power District was a Nebraska corporation and a citizen of that state and hence no diversity of citizenship existed within the meaning of the diversity statute, 28 U.S.C.A. § 1332.

[2.] The amended complaint names New Amsterdam Casualty Company and Consumers Public Power District as "defendants." It plainly appears, however, from the allegations of the complaint that plaintiff is seeking to recover damages from the Power District, that the Casualty Company was named as defendant because it was the workmen's compensation insurer of the employer of decedent, and because it might be entitled to subrogation rights. This probably accounts for failure of the amended complaint to allege the citizenship of the Casualty Company, and we have regarded the allegation that "defendant" is a Nebraska corporation as referring to defendant Power District.

court. The issues of defendant's negligence and of decedent's contributory negligence were submitted to the jury, which found against plaintiff and for defendant Power District. A timely motion for new trial was denied, but the court made no ruling upon the jurisdictional question presented by the motion to dismiss.

On this appeal plaintiff (appellant) contends that prejudicial trial errors were committed and that the judgment should be reversed and the cause remanded. We do not consider such assignments because we are satisfied that defendant's (appellee's) attack upon the court's jurisdiction, renewed here, is well-taken.

■ The tests to be applied in ascertaining whether diversity jurisdiction exists have repeatedly been enunciated, recently by this court in Janzen v. Goos, 302 F.2d 421 (8 Cir., 1962). Since appellant does not dispute the controlling legal standards, we need only to briefly summarize them here, without further citation of authority. (1) Statutes conferring federal jurisdiction are to be strictly construed; (2) if the jurisdictional allegations are challenged by the defendant, the plaintiff has the burden of establishing jurisdiction by competent proof and by a preponderance of the evidence; (3) citizenship and domicile are synonymous for purposes of 28 U.S.C.A. § 1332; (4) diversity of citizenship must exist not as of the time the cause of action arises, but as of the time the suit is instituted; (5) any person, sui juris, may make a bona fide change of citizenship at any time; (6) when an action is brought by a legal representative, such as an administrator of the estate of a deceased person, it is the representative's personal citizenship which is pertinent in determining the existence of diversity.

With these tests in mind, we give attention to the jurisdictional facts. The testimony on this issue was brief, came entirely from plaintiff, and although not controverted, it was slightly inconsistent. Her testimony established that at and prior to the time of her marriage to Russell (decedent) in April, 1956, she was living with her parents in Nebraska; that after the marriage she and her husband lived in South Dakota; and that she was a citizen of that state at the time of her husband's death (July 25, 1958). However, upon cross-examination she testified:

"Q. Following the unfortunate death of your husband, when did you remove back to Nebraska? A. Around—well, it was right after Thanksgiving.

"Q. Of the same year? A. Yes.

"Q. And you have remained in Nebraska ever since that time? A. Yes.

"Q. And you have exercised all the rights of franchise, and by 'franchise', I mean voting and things of that kind? A. Yes.

"Q. So that you established a residence back in Nebraska, or a citizenship back in Nebraska in November following the death of your husband in July, is that right? A. Yes."

Later during the trial, plaintiff was recalled as a witness and upon redirect gave this testimony:[3]

"Q. Mrs. Johnson, in July of 1960, that is, July 25, 1960, when this lawsuit was filed, did you regard yourself as a citizen of Nebraska? A. No.

"Q. If anything untimely had happened to you at about that time what was your wish as to where you should be buried?"

After objection, which was overruled, plaintiff answered—

"A. Vermillion, South Dakota.

"Q. Is that where your husband James Russell was buried? A. Yes it was."

A rational appraisal of all of plaintiff's testimony leads inescapably to the con-

---

3. At the time of trial, plaintiff was married to L. P. *Johnson* and resided with him in Lincoln, Nebraska.

clusion that she was domiciled in and was a citizen of Nebraska at the time she filed this action. Having been alerted by our prior opinion to the jurisdictional requirements, and knowing that the defendant Power District continued to challenge the jurisdiction of the court because of lack of diversity of citizenship, it is indeed strange that plaintiff failed to come forth with evidence in an attempt to prove that she was a citizen of South Dakota, if she in fact was, at the time that she instituted this suit.

■■ In view of plaintiff's unequivocal testimony on cross-examination that she had "established a residence * * * or a citizenship back in Nebraska in November following the death of * * * [her] husband in July * * *," and that she had lived in Nebraska continuously since that time and had voted in that state, her later self-serving and conclusory statement that she did not "regard"

herself a citizen of Nebraska when she filed this suit, pales into insignificance. Obviously, this statement is in irreconcilable conflict with the facts of the situation as established by plaintiff's prior testimony. See Welsh v. American Surety Co. of New York, 5 Cir., 186 F.2d 16, 18 (1951); Mallon v. Lutz, E.D.Mich., 217 F.Supp. 454, 456 (1963); Tudor v. Leslie, D.Mass., 35 F.Supp. 969, 970 (1940), citing Texas v. Florida, 306 U.S. 398, 424–425, 59 S.Ct. 563, 83 L.Ed. 817 (1939) for the proposition that "Statements of intention are entitled to little weight when in conflict with facts." Compare also, Gilbert v. David, 235 U.S. 561, 35 S.Ct. 164, 59 L.Ed. 360 (1915).

Manifestly, plaintiff wholly failed to establish by preponderance of the evidence that jurisdiction existed at the crucial time. Accordingly, the judgment is vacated and the cause is remanded with directions to dismiss the action.