## JOHN O. KISCH v. ALFRED J. SKOW.

233 N. W. 2d 732.

September 12, 1975—No. 44714.

*Mahoney, Dougherty & Mahoney, Richard P. Mahoney,* and *Kenneth P. Gleason,* for appellant.

*Fitzgerald & Crandall* and *Michael J. Fitzgerald,* for respondent.

Heard before Sheran, C. J., and Kelly and MacLaughlin, JJ., and considered and decided by the court en banc.

PER CURIAM.

Appeal from an order of the Hennepin County District Court quashing service of summons. Reversed and remanded.

Appellant, John O. Kisch, was injured in a December 1967 automobile accident. He brought suit against the driver of one vehicle, Phyllis Mae Skow, but did not join the owner, Alfred J. Skow, her husband and the respondent here. A judgment was obtained against Mrs. Skow in October 1972.

In January 1973, appellant then sued respondent alleging respondent's statutory liability[1] as the owner of the vehicle driven by Mrs. Skow in the 1967 collision. Respondent has lived continuously in Hennepin County with his wife since the date of the accident. The trial court found that appellant had known at the time of the first lawsuit that the car was owned by Alfred Skow and failed to advise the court in the first action why respondent was not joined.

The trial court held that Rules 19.01[2] and 19.03,[3] Rules of

[1] Minn. St. 170.54 provides: "Whenever any motor vehicle shall be operated within this state, by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

[2] Rule 19.01, Rules of Civil Procedure, provides: "A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff."

[3] Rule 19.03 provides: "A pleading asserting a claim for relief shall state the names, if known to the pleader, of any persons as described in Rule 19.01(1)-(2) hereof who are not joined, and the reasons why they are not joined."

The rationale behind Rule 19.03 is stated in 1 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 603: "* * * A person asserting a claim in the original complaint * * * *must state the names, if known,*

Civil Procedure, had not been complied with in the first lawsuit and accordingly quashed service of summons upon respondent.

1. We are aware of no Minnesota cases holding that the owner of an automobile is a Rule 19.01 party in an action against the driver. However, Rule 19(a), Federal Rules of Civil Procedure,[4] has been interpreted in these words:

"* * * The 1966 amendment of Rule 19 does not alter the long standing practice of not requiring the addition of joint tortfeasors [as Rule 19(a) parties]. Thus, plaintiff may sue one or more of them without joining the others." Wright & Miller, Federal Practice and Procedure: Civil § 1623.

The 1968 Advisory Committee Note to our Rule 19 reads in part:

"* * * The new description of parties does not effect [sic] the existing decisional law holding that a tortfeasor with the normal joint and several liability is merely a permissive party[5] and not a Rule 19 party."

_of any persons described in Rule 19.01_ who are not joined and the reasons why they are not joined. The purpose for this rule is obvious. By requiring the pleader to _state known persons who are Rule 19.01 parties,_ the court and the other parties are alerted to the absence of parties who should be joined, if feasible. By stating the reasons why those parties are not joined, the court and the other parties are informed immediately of the claimant's conclusions regarding facts supporting a nonjoinder." (Italics supplied.)

[4] The pertinent language of Federal Rule 19(a) is similar to that of our Rule 19.01. The 1968 Advisory Committee Note to our Rule 19 makes clear that our rule is intended to be "substantially identical" to Federal Rule 19.

[5] Permissive joinder is governed by Rule 20.01, Rules of Civil Procedure, which reads in pertinent part:

"* * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff * * * need not be interested in obtaining * * * all the relief demanded. Judgment may be given for one or more of the plaintiffs ac-

Where there is joint and several liability, plaintiffs may sue one, all, or any number of joint tortfeasors without violation of Rule 19.01 and may proceed in one action or in separate actions.[6] Should the defendant choose to begin a third-party action against a joint tortfeasor, he may do so pursuant to Rule 14. In most instances, defendant may also sue the joint tortfeasor for indemnity or contribution. See, 67 C. J. S., Parties, §§ 36, 44.

Other jurisdictions have applied the master-servant and principal-agent rules of joint and several liability and permissive joinder rules to automobile owner-operator cases.[7] In Minne-

cording to their respective rights to relief, and against one or more defendants according to their respective liabilities."

The Advisory Committee Note indicates that Rule 20 is intended to be the same as Federal Rule 20. Wright & Miller, Federal Practice and Procedure: Civil § 1652 states: "* * * Rule 20(a) is permissive in character; joinder in situations falling within the rule's standard is not required unless it is within the scope of compulsory joinder prescribed by Rule 19."

[6] See, Gronquist v. Olson, 242 Minn. 119, 64 N. W. 2d 159 (1954); Nees v. Minneapolis St. Ry. Co. 218 Minn. 532, 16 N. W. 2d 758 (1944); Lawrenz v. Langford Electric Co. 206 Minn. 315, 288 N. W. 727 (1939); Twitchell v. Glenwood-Inglewood Co. 131 Minn. 375, 155 N. W. 621 (1950). Our decisions antedating the amended rule are compatible with it. See, 1968 Advisory Committee Note to Rule 19.

See, also, Herpich v. Wallace, 430 F. 2d 792 (5 Cir. 1970); Bentley v. Halliburton Oil Well Cementing Co. 174 F. 2d 788 (5 Cir. 1949); Jones Knitting Corp. v. A. M. Pullen & Co. 50 F. R. D. 311 (S. D. N. Y. 1970); Humble Oil & Refining Co. v. Harang, 262 F. Supp. 39 (E. D. La. 1966); Kuhn v. Yellow Transit Freight Lines, Inc. 12 F. R. D. 252 (E. D. Mo. 1952); Jones v. Otis Elevator Co. 231 N. C. 285, 56 S. E. 2d 684 (1949).

[7] See, Southeastern Greyhound Lines v. McCafferty, 169 F. 2d 1 (6 Cir.), certiorari denied, 335 U. S. 861, 69 S. Ct. 136, 93 L. ed. 407 (1948); O'Shatz v. Bailey, 220 F. Supp. 444 (D. Md. 1963); Downing v. Don Ward & Co. 28 Colo. App. 75, 470 P. 2d 868 (1970); Lasko v. Meier, 394 Ill. 71, 67 N. E. 2d 162 (1946); Sarine v. Maher, 187 Misc. 199, 63 N. Y. S. 2d 241 (1946); Drake v. Hodges, 114 Colo. 10, 161 P. 2d 338 (1945); Sanderson v. Niemann, 17 Cal. 2d 563, 110 P. 2d 1025 (1941); 61 C. J. S., Motor Vehicles, § 500.

sota, we have characterized the liability of master and servant and that of principal and agent as joint and several. See, Mayberry v. N. P. Ry. Co. 100 Minn. 79, 110 N. W. 356 (1907); 1A Dunnell, Dig. (3 ed.) § 212.

We have construed Minn. St. 170.54 as creating owner liability on the basis of respondeat superior. Aasen v. Aasen, 228 Minn. 1, 36 N. W. 2d 27 (1949); Ballman v. Brinker, 211 Minn. 322, 1 N. W. 2d 365 (1941); Karalis v. Karalis, 213 Minn. 31, 4 N. W. 2d 632 (1942);[8] Note, 21 Minn. L. Rev. 823; 1A Dunnell, Dig. (3 ed.) § 212.

In other jurisdictions the owner of an automobile has been held to be jointly and severally liable pursuant to statutes creating liability. Wilde v. Hansen, 70 Idaho 8, 211 P. 2d 153 (1949); Davidson v. Ealey, 69 Cal. App. 2d 254, 158 P. 2d 1000 (1945); Munro v. Doherr, 156 F. Supp. 723 (D. Mass. 1957); 61 C. J. S., Motor Vehicles, § 500. But see, Codagnone v. Perrin, 351 F. Supp. 1126 (D. R. I. 1972).

Reasons may exist for departing from the general rule of joint and several liability. Wright & Miller, Federal Practice and Procedure: Civil § 1623 states:

"* * * Although no court will consider an absent joint tortfeasor to be an indispensable party, some courts, in cases alleging conspiracy, have classified [such tortfeasor] as a Rule 19(a) party when his presence was needed to prevent multiple litigation or to allow the granting of adequate relief."

Id. § 1657 states:

"Although plaintiff generally has the prerogative of joining multiple defendants or bringing separate actions, there are limitations on this right."

In addressing the issue, we would be required to construe our rules liberally to avoid unnecessary litigation. Cf. 67 C. J. S.,

---

[8] Overruled with respect to the application of interspousal immunity in Beaudette v. Frana, 285 Minn. 366, 373, 173 N. W. 2d 416, 420 (1969).

Parties, § 37. There is an increasing, strong public interest in having one suit on essentially the same issues. Requiring joinder of an automobile owner potentially liable under the statute may be sound policy.[9]

In Codagnone v. Perrin, 351 F. Supp. 1126 (D. R. I. 1972), a Federal diversity action brought against the husband-owner and wife-operator of an automobile, the trial court repeated the rule that joint tortfeasors are not ordinarily Rule 19 parties, but held that the husband-owner's liability was not as a tortfeasor but as a principal. The applicable Rhode Island statute provided that the automobile's operator is deemed to be the owner's agent unless the operator posts proof of financial responsibility. Reasoning that a successful plaintiff in the first action against the operator might employ collateral estoppel against the owner in a second action on all issues except his statutory liability, the court held that the husband-owner was a Rule 19(b) party for purposes of diversity and joinder. Cf. Munro v. Doherr, *supra.* See, also, Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U. S. 102, 88 S. Ct. 733, 19 L. ed. 2d 936 (1968). Provident Tradesmens is cited in 1 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 600, as being consistent with Minnesota Rule 19.

Whether respondent was a Rule 19.01 party in the first suit, perhaps resulting in a violation of Rule 19.03 in that action, is a question not now open to challenge.[10]

In effect, respondent asks us to look behind a final judgment to discover an alleged, but uncontested, rule violation in an action where the defendant-operator did not assert prejudice because

[9] See, generally, Boles v. Greeneville Housing Authority, 468 F. 2d 476 (6 Cir. 1972); Evergreen Park Nursing & Convalescent Home, Inc. v. American Equitable Assur. Co. 417 F. 2d 1113 (7 Cir. 1969); 1 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 596.

[10] We expressly limit our holding to cases arising on facts similar to those we consider here. Cf. Murphy v. Lexington-Fayette County Airport Board, 472 S. W. 2d 688 (Ky. 1971).

the owner had not been joined and the nonparty-owner, respondent here, surely aware of the pending action, did nothing to become a party to it.

To reach the Rule 19.03 question, we would first be required to render a decision determining the character of an automobile owner under our rules, a significant procedural matter. While Rule 19.03 may not have been complied with in the first suit, we are not disposed to say so now, nor are we inclined to advance an opinion as to the Rule 19.01 status of an automobile owner in an action which has been merged in a judgment.

If Rule 19.03 was violated in the first action, there is no stated penalty for its breach. Generally, no penalty would follow,[11] since the matter would usually be resolved by simple motion by other parties or persons claiming they should have been joined. See, 1 Hetland & Adamson, Minnesota Practice, Civil Rules Ann., p. 664. That a more drastic result should occur where plaintiff no longer is in a position to supply the information the rule is intended to elicit seems unreasonable to us and lends weight to our belief that the Rules of Civil Procedure are intended to control practice in separate actions, without permitting those allegedly aggrieved by a party's noncompliance with them in one case to attack that noncompliance in another. Usually, a rule violation must be challenged in the same proceedings.[12]

An automobile owner cannot claim prejudice resulting from an alleged error in an earlier proceeding against the automobile operator when, informed as to that action, the owner does not take advantage of Rule 24, Rules of Civil Procedure, to become a party in the first suit.[13] He cannot assert that he should have

[11] But see Rule 41.02, Rules of Civil Procedure.

[12] To reach a different result would be, in effect, to approve collateral attack on, and collateral remedies for, violations alleged to have occurred in the first suit but not challenged there.

[13] Rule 24, Rules of Civil Procedure, provides in part:

"[24.01] Upon timely application anyone shall be permitted to intervene in an action when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so

been associated with the first suit when he must be deemed to have elected not to be so associated, nor can he claim, at the same time, freedom from suit in the second action because he should have been made a party in the earlier action.[14]

It was error to quash service of summons.

Reversed and remanded.

---

situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

"[24.02] Upon timely application anyone may be permitted to intervene in an action when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

"[24.03] A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Rule 5. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought."

[14] The crucial indicium is respondent's knowledge of the first suit. While we should not now be understood as equating Rule 19 interests with Rule 24 interests, we feel obliged to hold respondent to a consistent theory of his interest. To affirm would be to do otherwise.