**Janet JOHNSON, Respondent,**

**v.**

**AMERICAR RENTAL SYSTEMS, d/b/a Host Rent–A–Car, Inc., Appellant,**

**Wade Mitchell Boe, et al., Defendants,**

**Robyn J. Kuzara, Special Administrator of the Estate of Franklin Ralph Johnson, deceased, Respondent,**

**American Family Mutual Insurance Company, Respondent.**

**No. C0–99–2151.**

Court of Appeals of Minnesota.

July 11, 2000.

Gary L. Phleger, Wayzata (for respondent Janet Johnson).

Scott P. Drawe, Stich, Angell, Kreidler, Brownson & Ballou PA, Minneapolis (for appellant).

Thomas Leo Garrity, Minneapolis (for respondent Wade Boe).

Mark J. Condon, Chadwick, Johnson & Bridell, Minneapolis (for respondent City of Eden Prarire).

Toni A. Beitz, Assistant County Attorney, Minneapolis (for respondent County of Hennepin).

Ann Fitzgibbons, Eden Prairie (for respondent Robyn J. Kuzara).

William M. Hart, Minneapolis (for respondent American Family Mutual Ins. Co.).

Considered and decided by CRIPPEN, Presiding Judge, AMUNDSON, Judge, and ANDERSON, Judge.

## OPINION

### G. BARRY ANDERSON, Judge

Appellant Americar Rental Systems ("Americar") owned a rental car involved in an accident that injured respondent Janet Johnson. The district court found by way of summary judgment that Americar was liable for $125,000 of Johnson's damages.

On appeal, Americar claims that its vicarious liability as an owner of the vehicle is limited to $105,000 as a result of the provisions of Minn.Stat. § 65B.49, subd. 5a(i)(2) (1996), and this exposure has been satisfied as a result of payments made by an insurer covering the driver.

We conclude that Americar is entitled to limited vicarious liability, but hold that payments from sources other than itself or its insurer do not satisfy this vicarious liability exposure. Accordingly, we modify the judgment against Americar to $105,-000.

## FACTS

On November 2, 1996, respondent Janet Johnson was a passenger in a rental car owned by appellant Americar and driven by her husband. Her husband ran a stop sign and collided with another vehicle. Johnson was injured and her husband died. On December 1, 1997, Johnson began an action against her husband's estate, Americar and other parties.

At the time of the accident, Americar had an insurance policy in force from National Casualty Company which covered the rental car involved in the accident. The bodily injury liability limit on that policy was $1,000,000. The policy also purported to limit liability coverage on a "split limits" basis of $30,000 per person/$60,000 per occurrence in the event that a renter was driving the insured vehicle at the time of the accident. Johnson's husband, the driver of the vehicle, was separately insured with American Family Insurance Company. The American Family policy had bodily injury liability limits of $100,000 per person/$300,000 per occurrence.

After litigation removed a number of parties from the case, the remaining defendants were Americar and the husband's estate. The parties stipulated that husband was at fault and that Janet Johnson's damages totaled $225,000.

On July 1, 1998, Americar moved for summary judgment, claiming that its vicarious liability, as owner of the rental car, was capped at $105,000 under Minn.Stat. § 65B.49, subd. 5a(i)(2) (1996). The district court ruled that Americar did not meet the requirements of the statute, and, therefore, had unlimited vicarious liability. More specifically, the court ruled that, because Americar had attempted to limit liability coverage provided to its renters to $30,000, it had not satisfied the requirements of the vicarious-liability-cap-statute, Minn.Stat. § 65B.49, subd. 5a(i)(2).

Americar and Johnson later filed cross-motions for summary judgment to determine the relative liability of the parties. The district court awarded Johnson $225,000, payable as follows:

Americar, through its insurer National Casualty, is responsible for the first $30,000.00 of the $225,000.00 in damages; American Family is responsible for the next $100,000.00; the vicarious liability coverage of Americar is responsible for the final $95,000.00 of damages.

Americar appeals from the summary judgment.

## ISSUES

I. Did Americar meet the requirements of the vicarious-liability-cap-statute by purchasing a $1,000,000

liability policy covering its ownership risks?

II. Can this vicarious liability exposure be satisfied through payments from other sources?

## ANALYSIS

▇▇▇ In reviewing summary judgment, this court must determine whether any genuine issues of material fact exist and whether the district court erred in applying the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). Because the facts of this case are undisputed and the issue on appeal involves statutory interpretation, this court must conduct a de novo review of the district court's determinations. *Hertz Corp. v. State Farm Mut. Ins. Co.,* 573 N.W.2d 686, 688 (Minn.1998).

### I.

▇▇▇ Americar claims that its vicarious liability as owner of the rental car is capped. Generally, the owner of an automobile is vicariously liable for the acts of a permissive user. *See* Minn.Stat. § 170.54 (1996) (in an accident, a permissive operator shall "be deemed the agent of the owner of such motor vehicle"). The purpose of this provision is to make the owner liable to those injured where no such liability would otherwise exist, giving an injured person more certainty of recovery by encouraging owners to obtain appropriate liability coverage. *Shuck v. Means,* 302 Minn. 93, 226 N.W.2d 285, 287 (1974). In 1995, the legislature chose to limit the vicarious liability of rental car companies in certain circumstances by amending the No–Fault Act as follows:

Notwithstanding section 170.54, an owner of a rented motor vehicle is not vicariously liable for legal damages resulting from the operation of the rented motor vehicle in an amount greater than $100,000 because of bodily injury to one person in any one accident and, subject to the limit for one person, $300,000 because of injury to two or more persons in any one accident, and $50,000 because of injury to or destruction of property of others in any one accident, *if the owner of the rented motor vehicle has in effect, at the time of the accident, a policy of insurance * * * covering losses up to at least the amounts set forth in this paragraph.*

Minn.Stat. § 65B.49, subd. 5a(i)(2) (1996) (emphasis added); 1995 Minn. Laws ch. 225, § 1. In short, in exchange for maintaining a certain level of liability coverage, vicarious liability of the rental car company, as owner of the vehicle, is capped. This vicarious liability cap is to be adjusted for inflation; the parties agree, for this case, that the applicable cap amount for bodily injury to one person is $105,000. *See* Minn.Stat. § 65B.49, subd. 5a(i)(3) (1996).

▇▇▇ The district court ruled that Americar did not meet the statutory requirements because the National Casualty policy purported to limit bodily injury liability coverage to renters to $30,000 per person/$60,000 per occurrence, the minimum limits required by law. Americar argues, however, that it complied with the statutory requirements because it maintained liability coverage as the owner up to a maximum of $1,000,000.

▇▇▇ In interpreting a statute that is unambiguous, effect must be given to its plain meaning. *Tuma v. Commissioner of Econ. Sec.,* 386 N.W.2d 702, 706 (Minn. 1986). In this case, the district court's interpretation of the statute does not fit with a plain reading of the statutory language. Minn.Stat. § 65B.49, subd. 5a(i)(2) requires only that the "owner" maintain a certain level of liability coverage. Here, Americar had a liability policy covering its ownership risks, among other things, up to $1,000,000.

The attempt by National Casualty to "split limits" by claiming that the permissive user (the renter) has only $30,000 as the first layer of coverage does not affect the $1,000,000 coverage provided to Americar as "owner," nor does it alter the plain

requirements of the cap statute.[1] We conclude that Americar met the statutory requirements by maintaining its $1,000,000 liability policy, and, thus, the limit on vicarious liability applies.

## II.

Americar further claims that amounts paid by American Family, the personal insurer for the driver, satisfy its limited vicarious liability exposure. Americar essentially argues that the purpose of the vicarious liability cap statute is to ensure that an injured party has at least $105,000 in available liability coverage, and where, as here, another insurer has paid amounts exceeding the $105,000, Americar's vicarious liability exposure has been satisfied.

Americar cites *Agency Rent–A–Car, Inc. v. American Family Mut. Auto. Ins. Co.*, 519 N.W.2d 483 (Minn.App.1994), in support of its position:

> [R]espondent has never attempted to disavow its vicarious tort liability under Minn.Stat. § 170.54. The issue in dispute is not whether respondent could excuse itself from tort liability, but rather how much of that liability had to be satisfied by respondent's admitted primary insurance obligation, and how much of the remaining liability had to be satisfied by excess insurance obligors.

*Id.* at 487. Americar argues that this language stands for the proposition that its limited vicarious liability exposure can be "satisfied" by payments from other insurance obligors.

Americar's reliance on *Agency* is misplaced. *Agency* does not purport to define how the vicarious liability obligations of a rental car company are satisfied. The language relied upon by appellant simply recognizes that both an owner and a permissive user may have insurance coverage that will satisfy their joint liability to the injured party. But it is elementary and beyond dispute that these obligations are based upon entirely different legal concepts – the owner's vicarious fault, and the driver's active fault.

We conclude that Americar's argument, clever though it may be, is ultimately unpersuasive. Its interpretation of the statute is contrary to the plain meaning of the statutory language and the intent of the No–Fault Act. Minn.Stat. § 65B.49, subd. 5a(i)(2), limits vicarious liability of rental car companies. The payments from American Family were based upon the active fault of the driver, not vicarious liability. It requires a strained reading of the statute, and the use of a rather amorphous application of joint and several liability, to reach the interpretation sought by Americar.

Americar's interpretation is not likely the one sought by the legislature. Under Americar's construction of the statute, an accident victim could remain uncompensated for injuries. At the same time, a portion of the insurance policy mandated by the legislature in order to obtain the benefit of limited liability would remain unused. In order to take advantage of the limited liability provision, Americar needed at least $105,000 bodily injury insurance. Although Johnson has injuries exceeding the

---

1. On appeal, the parties do not dispute that National Casualty is responsible for the first $30,000 of the stipulated damages, and that American Family is responsible for the next $100,000. Neither party challenged the validity of the "split limits" provision in the National Casualty policy. But we question whether this "split limit" attempt plays any role in the determination of which policy pays first. In *Hertz Corp. v. State Farm Mut. Ins. Co.*, 573 N.W.2d 686, 691 (Minn.1998), the Minnesota Supreme Court held that the no-

fault act (§ 65B.49, subd. 3(3)(d)) makes the policy covering the "owner" primary. This rule would seem to trigger coverage of all policies and their respective liability limits which cover such "ownership" risks. We question whether National Casualty can "shield" itself from its full primary obligations by creating a sub-policy covering its ownership risks when a renter is operating the rental car (yet still maintain it has an additional $970,000 in coverage for the very same ownership risks).

first $130,000 paid, Americar's interpretation would require those injuries go uncompensated, leaving insurance required by law untouched. This could hardly have been the intent of the legislature.

Since Americar, on behalf of the lessee, concedes it owes $30,000, we conclude it is responsible for another $75,000 for a total of $105,000, as required by law.

## DECISION

The district court erred by determining that Americar had not met the statutory requirements for limited vicarious liability. We hold that Americar's liability in the present case is limited to $105,000. Accordingly, we reverse in part and modify the judgment.

**Reversed in part, affirmed in part as modified.**