Nancy M. MEYER, as trustee for the heirs of Margaret Mphosi, deceased, et al., and Nancy M. Meyer, as guardian ad litem for Lucas Mphosi, injured, et al., Appellant,

and

Bunmi Obembe, et al., intervenors,

v.

Bibian NWOKEDI, Defendant,

Enterprise Rent A Car Co. of Montana/Wyoming, d/b/a Enterprise Rent A Car of the Dakotas/Nebraska, Respondent.

No. A08–0250.

Court of Appeals of Minnesota.

Jan. 20, 2009.

Duane A. Lillehaug, Maring Williams Law Office, P.C., Fargo, ND, for appellant.

Theodore J. Smetak, Paul E.D. Darsow, Arthur, Chapman, Kettering, Smetak & Pikala, P.A., Minneapolis, MN, for respondent.

Considered and decided by SHUMAKER, Presiding Judge; STONEBURNER, Judge; and STAUBER, Judge.

## O P I N I O N

SHUMAKER, Judge.

In this action, arising out of a rental-vehicle accident in which some occupants were killed and some injured, the appellant challenges the district court's grant of summary judgment to respondent rental-vehicle owner, arguing that the court erred by holding that 49 U.S.C. § 30106 abolishes vicarious liability for rental-vehicle owners. We affirm.

## FACTS

Respondent Enterprise Rent A Car Co. (Enterprise) engages in the business of renting motor vehicles to members of the public. On June 4, 2004, Maboko Mphosi rented a sports utility vehicle (SUV) from Enterprise in Fargo, North Dakota. The next day while a companion, Bibian Nwokedi, was driving in Minnesota, the SUV left its lane of travel, rolled over, and came to rest in a ditch. Two passengers were killed and others were injured.

In June 2006, appellant Nancy M. Meyer, as trustee for the next of kin of the people killed in the accident, and as guardian ad litem of two injured minors, brought wrongful death and personal injury actions against Enterprise and Nwokedi. Meyer claimed that Enterprise was vicariously liable for damages resulting from the accident.

Arguing that the Graves Amendment, codified at 49 U.S.C. § 30106, abolished vicarious liability of rental-car businesses and preempted all state laws to the contrary, Enterprise moved for summary judgment. The district court granted Enterprise's motion on that issue.

Meyer then agreed to dismiss all claims except that of Enterprise's vicarious liability, and Enterprise agreed to deposit with the court $60,000, the minimum per accident no-fault insurance amount required by statute. This appeal followed.

## ISSUES

After some occupants of a rental motor vehicle were killed and others injured in

an accident, the rental-vehicle owner was sued under a theory of vicarious liability. The owner claimed that federal law, which abolishes vicarious liability for rental-vehicle owners, preempts Minnesota's vicarious liability laws.

1. Does the Graves Amendment, codified at 49 U.S.C. § 30106, preempt Minn. Stat. § 169.09, subd. 5a, to the extent that the latter may be construed to impose vicarious liability on the owner of a rental motor vehicle?

2. Does the Graves Amendment preempt Minn.Stat. § 65B.49, subd. 5a(i)(2), which establishes monetary "caps" on damages for which rental-vehicle owners may be vicariously liable?

## ANALYSIS

Summary judgment is appropriate if there are no genuine issues of material fact for trial and either party is entitled to judgment as a matter of law. Minn. R. Civ. P. 56.03; *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993). There are no material facts in dispute in this action. Rather, the sole issue is purely a legal question, namely, the nature and scope of the Graves Amendment's preemptive effect on state law. This issue is subject to de novo review. *Harbal v. Fed. Land Bank of St. Paul,* 449 N.W.2d 442, 446 (Minn.App.1989), *review denied* (Minn. Feb. 21, 1990).

### I

The dispositive issue on appeal concerns the preemptive effect of 49 U.S.C. § 30106, also known as the Graves Amendment. Broadly speaking, the Graves Amendment, which was enacted in 2005 as part of a comprehensive transportation bill, "preempts all state statutory and common law to the extent those laws hold owners in the business of renting or leasing motor vehicles vicariously liable for the negli-

gence of drivers, except when there is negligence or criminal wrongdoing on the part of the owner." Beth Bates Holliday, Annotation, Validity, Construction, and Application of Graves Amendment (49 U.S.C.A. § 30106) Governing Rented or Leased Motor Vehicle Safety and Responsibility, 29 A.L.R. Fed.2d 223 (2008). The Graves Amendment provides, in relevant part:

(a) In general.—An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—

(1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and

(2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

(b) Financial responsibility laws.—Nothing in this section supersedes the law of any State or political subdivision thereof—

(1) imposing financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle; or

(2) imposing liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law.

49 U.S.C. § 30106.

Enterprise contends, and the district court agreed, that the Graves Amendment

preempts Minnesota's vicarious-liability laws and thereby eliminates Enterprise's vicarious liability in this case. Challenging this determination, Meyer argues that subsection (b) to the Graves Amendment is a "savings clause," which provides an exception for state financial responsibility and liability insurance requirements, and that Minn.Stat. § 169.09, subd. 5a, and Minn. Stat. § 65B.49, subd. 5a(i)(2), fit within that exception and therefore are not preempted.[1]

Federal preemption stems from the Supremacy Clause of the United States Constitution, which provides that the laws of the United States "shall be the supreme Law of the Land ... any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Const. art. VI, cl. 2. "Congressional purpose is 'the ultimate touchstone' of the preemption inquiry." *In re Estate of Barg*, 752 N.W.2d 52, 63 (Minn.2008) (quoting *Malone v. White Motor Corp.*, 435 U.S. 497, 504, 98 S.Ct. 1185, 1190, 55 L.Ed.2d 443 (1978)). Congress can preempt a state law either by express statutory language or by fully occupying the field which the state law governs. *Id.* In addition, federal law can preempt state law to the extent the two conflict. *Id.* at 63–64. "Conflict preemption occurs when compliance with both state and federal laws is impossible, or when the state law is an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 64 (citation and quotation omitted). Nonetheless, preemption is generally disfavored. *Martin ex rel. Hoff v. City of Rochester*, 642 N.W.2d 1, 11 (Minn.2002). "Whether federal law preempts state law is generally an issue of statutory construc-

tion." *Id.* at 9. "Statutory construction is reviewed de novo." *Id.*

Before we may construe a statute we must first decide whether the statute is ambiguous, that is, whether it is "subject to more than one reasonable interpretation." *Am. Family Ins. Group v. Schroedl*, 616 N.W.2d 273, 277 (Minn.2000) (quotation omitted). If the statute is unambiguous, we consider only "its plain language and presume that language manifests legislative intent." *Kasdan v. Berney*, 587 N.W.2d 319, 322 (Minn.App. 1999). And if the statute is unambiguous when we apply the rules of ordinary usage and grammar, we have no authority to construe it further, but rather we must apply its plain meaning. *Boatwright v. Budak*, 625 N.W.2d 483, 485–86 (Minn. App.2001), *review denied* (Minn. July 24, 2001). Additionally, we must give effect to all of its provisions, and construe it as a whole to avoid conflicting interpretations. *Schroedl*, 616 N.W.2d at 277.

In Minnesota, a vehicle owner is liable under the rule of respondeat superior for damages from an accident that occurs while a permissive user of the vehicle is driving. Minn.Stat. § 169.09, subd. 5a; *Kisch v. Skow*, 305 Minn. 328, 332, 233 N.W.2d 732, 734 (1975) (construing Minn. Stat. § 170.54, which has been renumbered as Minn.Stat. § 169.09, subd. 5a (Supp. 2005)). The relevant law provides:

> Whenever any motor vehicle shall be operated within this state, by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof.

---

1. Meyer has not challenged the constitutionality of the Graves Amendment. We, therefore, do not address that issue. *See State Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*,

558 N.W.2d 480, 480 (Minn.1997) (declining to reach a constitutional issue in the absence of adequate briefing).

Minn.Stat. § 169.09, subd. 5a. This imposes liability on the owner where it would not otherwise exist, thereby giving an injured person more certainty of recovery by encouraging vehicle owners to obtain appropriate liability insurance coverage. *Boatwright*, 625 N.W.2d at 486. The statute is to be construed liberally to achieve its purpose. *Id.*

The plain text of the Graves Amendment preempts Minn.Stat. § 169.09, subd. 5a, as it applies to a rental-vehicle owner's vicarious liability. *See In re Welfare of E.S.C.*, 731 N.W.2d 149, 152 (Minn.App.2007) (explaining that we apply the statute's plain meaning if the statute is not ambiguous). The Graves Amendment states that a rental-vehicle owner *"shall not* be liable . . . by reason of being the owner of the vehicle . . ., for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease." 49 U.S.C. § 30106(a) (emphasis added). The death and injuries in this case resulted from a single motor-vehicle accident during the rental period. The Graves Amendment bars vicarious liability in such an instance if the vehicle's owner is in the business of renting or leasing motor vehicles and has not been negligent or has not been engaged in criminal wrongdoing. 49 U.S.C. § 30106(a)(1)-(2). It is undisputed that Enterprise owned the SUV and rented it as part of its business of renting or leasing motor vehicles. And, at least in this appeal, there is no claim that Enterprise was directly negligent or committed a crime. Clearly, then, the Graves Amendment preempts the vicarious liability imposed in Minn.Stat. § 169.09, subd. 5a.

■ But the Graves Amendment's broad preemption of vicarious liability for rental-vehicle owners is subject to a "savings clause" which allows two types of state laws to escape preemption: (1) laws that impose financial responsibility or insurance standards on the owner for the privilege of operating a motor vehicle, and (2) laws that impose liability on businesses that rent or lease vehicles for their failure to meet the financial responsibility or liability insurance requirements. 49 U.S.C. § 30106(b).

The parties do not dispute that certain financial responsibility laws in Minnesota are preserved. For instance, Minn.Stat. § 65B.48, subd. 1 (2008), requires a vehicle owner to maintain a "plan of reparation security [that] provide[s] for basic economic loss benefits and residual liability coverage in amounts not less than those specified in section 65B.49, subdivision 3, clauses (1) and (2)." Enterprise is self-insured to a limit of $2 million, and self-insurance is a form of reparation security. Minn.Stat. § 65B.48, subds. 2–3 (2008). The agreement that Maboko Mphosi entered when he rented the SUV provided that "if Owner is determined by law to provide liability protection to any renter or authorized driver, such liability protection shall be limited to the minimum financial responsibility limits of the state in which the vehicle is operated." The minimum limit for residual liability insurance is $30,000 per person and $60,000 per accident. Minn.Stat. § 65B.49, subd. 3(1) (2008). The parties agree that this $30,000/$60,000 limit is not affected by the Graves Amendment, and we need not therefore address this issue further. Furthermore, in accordance with the rental agreement, Enterprise has paid the $60,000 per accident limit into court.

Meyer urges that Minn.Stat. § 169.09, subd. 5a, which imposes vicarious liability on vehicle owners, and Minn.Stat. § 65B.49, subd. 5a(i)(2), which acts to limit, or "cap," the rental-vehicle owner's vicarious liability, are preserved by the savings clause. But Meyer's argument fails to

consider the entire text of the savings clause. Only certain financial responsibility laws are preserved by the Graves Amendment's savings clause.

First, state laws that "impos[e] financial responsibility or insurance standards on the owner of a motor vehicle for the privilege of registering and operating a motor vehicle" are preserved. 49 U.S.C. § 30106(b)(1). Nothing in the text of section 169.09, subdivision 5a, imposes financial responsibility on the owner for the privilege of registering and operating a motor vehicle. Thus, Minn.Stat. § 169.09, subd. 5a, is not preserved by 49 U.S.C. § 30106(b)(1).

Second, state laws that "impos[e] liability on business entities engaged in the trade or business of renting or leasing motor vehicles for failure to meet the financial responsibility or liability insurance requirements under State law" are preserved under the Graves Amendment's savings clause. 49 U.S.C. § 30106(b)(2). Nothing in the text of section 169.09, subdivision 5a, imposes liability for failing to meet a financial responsibility or liability insurance requirement. Thus, Minn.Stat. § 169.09, subd. 5a, is not preserved by 49 U.S.C. § 30106(b)(2).

Minn.Stat. § 169.09, subd. 5a, by its express language makes a permissive driver of a motor vehicle the statutory agent of the owner and thereby imposes vicarious liability on the vehicle's owner. The Graves Amendment was designed to abolish the vicarious liability of rental-vehicle owners. In light of the clear purpose of the Graves Amendment, it would be unreasonable and contradictory to conclude that section 169.09, subdivision 5a, is not preempted, but rather was preserved by the Graves Amendment's savings clause. This result would allow the savings clause to swallow the entire statute.

## II

Meyer also argues that Minn.Stat. § 65B.49, subd. 5a(i)(2), is not preempted because it is a financial responsibility law or insurance standard. Section 65B.49, subdivision 5(a)(i)(2), acts to limit the rental owner's vicarious liability, by providing that:

Notwithstanding section 169.09, subdivision 5a, an owner of a rented motor vehicle is not vicariously liable for legal damages resulting from the operation of the rented motor vehicle in an amount greater than $100,000 because of bodily injury to one person in any one accident and, subject to the limit for one person, $300,000 because of injury to two or more persons in any one accident, and $50,000 because of injury to or destruction of property of others in any one accident, if the owner of the rented motor vehicle has in effect, at the time of the accident, a policy of insurance or self-insurance, as provided in section 65B.48, subdivision 3, covering losses up to at least the amounts set forth in this paragraph. Nothing in this paragraph alters or affects the obligations of an owner of a rented motor vehicle to comply with the requirements of compulsory insurance through a policy of insurance as provided in section 65B.48, subdivision 2, or through self-insurance as provided in section 65B.48, subdivision 3, which policy of insurance or self-insurance must apply whenever the operator is not covered by a plan of reparation security as provided under paragraph (a); or with the obligations arising from section 72A.125 for products sold in conjunction with the rental of a motor vehicle. Nothing in this paragraph alters or affects liability, other than vicarious liability, of an owner of a rented motor vehicle.

Minn.Stat. § 65B.49, subd. 5a(i)(2). Meyer contends that Minn.Stat. § 65B.49, subd. 5a(i)(2), falls within the Graves Amendment's savings clause as either a financial responsibility law or an insurance standard because the amount of $100,000 per person or $300,000 per accident refers to the mandatory minimum residual liability coverages required by Minnesota law. In support of this contention, Meyer cites *Johnson v. American Rental Sys.*, 613 N.W.2d 773, 776 (Minn.App.2000), *review denied* (Minn. Sept. 26, 2000), claiming the case holds that, to satisfy the minimum insurance requirements of Minn.Stat. § 65B.48, a rental-vehicle company must provide the coverage specified by Minn.Stat. § 65B.49, subd. 5a(i)(2)—not the lower amount of $30,000 per person or $60,000 per accident specified in Minn.Stat. § 65B.49, *subd.* 3(1). But *Johnson* held that Minn.Stat. § 65B.49, subd. 5a(i)(2), *limited* a rental-vehicle owner's vicarious liability and that the coverage paid by the renter's insurance could not diminish the obligation of the rental-vehicle owner. 613 N.W.2d at 776–78.

Minn.Stat. § 65B.49, subd. 5a(i)(2), does not impose any vicarious liability but rather limits any vicarious liability that might exist to the amounts specified in the statute. We have previously called this statute a "vicarious liability cap" and explained its operation, saying that, "[i]n short, in exchange for maintaining a certain level of liability coverage, vicarious liability of the rental car company, as owner of the vehicle, is capped." *Johnson*, 613 N.W.2d at 776. And in examining the legislative history of this statute, we explained that it was enacted in 1995, when "the legislature chose to limit the vicarious liability of rental car companies in certain circumstances." *Id.* The plain language, effect, and purpose of the statute reveal that it acts only as a cap on vicarious liability for rental-vehicle owners. But because vicarious lia-

bility is preempted, the cap in the statute is without effect.

Moreover, section 65B.49, subdivision 5a(i)(2), is not a law that imposes financial responsibility on the rental-vehicle owner for the privilege of registering and operating a motor vehicle. Thus, it is not preserved by 49 U.S.C. § 30106(b)(1). Likewise, Minn.Stat..§ 65B.49, subd. 5a(i)(2), is not preserved by 49 U.S.C. § 30106(b)(2), because it does not impose liability on Enterprise for failing to meet a financial responsibility or liability insurance requirement. Enterprise has not failed to meet Minnesota's financial responsibility or liability insurance requirements. Enterprise maintains $2 million in self-insurance. The rental agreement contractually limited Enterprise's liability to Minnesota's minimum residual liability insurance obligation. Minn.Stat. § 65B.49, subd. 5a(i)(2), is not preserved by the Graves Amendment's savings clause, and is, therefore, preempted.

## DECISION

The Graves Amendment, codified at 49 U.S.C. § 30106, preempts both Minn.Stat. § 169.09, subd. 5a, and Minn.Stat. § 65B.49, subd. 5a(i)(2), to the extent that those statutes impose vicarious liability on a rental-vehicle owner. Accordingly, the district court did not err by granting respondent's motion for summary judgment on appellant's vicarious-liability claim.

**Affirmed.**