**Ronald Lynn BRUTON, by his Guardian, Genevieve Bruton, Appellant,**

v.

**Dennis SHANK, by Alex K. Shank, his Guardian ad litem, Appellee.**

**No. 17877.**

United States Court of Appeals Eighth Circuit.

Sept. 3, 1965.

Samuel W. Masten, Canton, S. D., for appellant.

J. B. Shultz, of Woods, Fuller, Shultz & Smith, Sioux Falls, S. D., for appellee.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

RIDGE, Circuit Judge.

After jury trial in the court below, resulting in verdict and judgment for defendant, appellant filed motion:

> "(1) To vacate the judgment based on the jury verdict * * * on the grounds that there was no diversity of citizenship (between the parties) and the Court (below) had no jurisdiction."

and

> "(2) To remand (this) case to the Circuit Court of Lincoln County, South Dakota, (from whence it was removed) and to allow the plaintiff's costs and disbursements herein." (Pars. added.)

After hearing was duly held on that motion, remand as prayed was denied by memorandum opinion of the Honorable George T. Mickelson, (now deceased) [1]

---

1. Judge George T. Mickelson died on March 1, 1965.

United States District Judge for the District of South Dakota, who had presided at the trial of the case at bar on its merits.

Appellant's singular assertion of error in this appeal is:

"The Court (below) erred in denying plaintiff's motion to set aside the jury verdict, vacate the judgment entered herein and remand (this) cause to the State Court for the reason that there was not the requisite diversity of citizenship between the parties at the commencement of (this) action to grant the Federal Court jurisdiction of the cause." (Pars. added.)

■ Treating the after-trial motion, *ante*, as one filed pursuant to Rule 60(b) (4) or (6), F.R.C.P., 28 U.S.C.A., District Judge Mickelson denied the same.

(Cf. Greear v. Greear, 288 F.2d 466 (9 Cir., 1961)). We have jurisdiction to entertain this appeal from the ruling so made. (American Fire & Casualty Co. v. Finn, 341 U.S. 6, 21, 71 S.Ct. 534, 95 L. Ed. 702 (1951); Spurgeon v. Mission State Bank, 151 F.2d 702 (8 Cir., 1945); Maple Island Farm, Inc. v. Bitterling, 196 F.2d 55 (8 Cir., 1952)).

■ But we hasten to note that the judgment as entered on the merits of this case is not here subject to review, because no appeal was taken therefrom under Rule 73, F.R.C.P., 28 U.S.C.A. (Cf. Wagner v. United States, 316 F.2d 871 (2 Cir., 1963)).

■ Since the memorandum opinion of District Judge Mickelson, ruling appellant's motion, *ante*, was not published prior to the time of his death, the same is set forth in the footnote.[2] This is done

2. "This case is before the Court on plaintiff's motion to vacate a judgment for the defendant based on a verdict of the jury, and to remand to the state court where it was initially commenced. Counsel for the plaintiff argues that the requisite diversity of citizenship was not present, and thus the Court was without jurisdiction.

"The rule of law that a party can attack the jurisdiction of the Court at any time is so well established that citation of authority seems unnecessary. Indeed it has been held that the party who obtained a removal from state court can after judgment attack the same for lack of diversity jurisdiction. American Fire & Cas. Co. v. Finn, 341 U.S. 6 [71 S.Ct. 534, 95 L.Ed. 702].

"It is well settled that citizenship, for the purposes of 28 U.S.C.A. § 1332, is synonymous with domicile. e. g., Russell v. New Amsterdam Casualty Company, 325 F.2d 996 (8 Cir. 1964). It is clear that what is required is one's physical presence at the place of domicile claimed and the intention of making such place his present home. Spurgeon v. Mission State Bank, 151 F.2d 702 (8 Cir., 1945). However, the intent to remain permanently at the claimed domicile is not required. Ellis v. Southeast Construction Co., 260 F. 2d 280 (8 Cir., 1958). Courts look to various factors to determine the question of intent, among which are the following: declarations, exercise of civil and political rights, payment of taxes, obtaining of licenses, location of business or occupation, and ownership of property. Certain-

ly no single factor can be singled out as conclusive. Rather all the facts must be considered in arriving at a determination of the question.

"Counsel for the plaintiff places considerable reliance on the fact that the defendant at the time of service had a South Dakota driver's license and a South Dakota hunting and fishing license. It is undisputed that the defendant did not leave South Dakota until September of 1963. That he would have a South Dakota driver's license effective for that year is thus quite understandable. Further, it is the obtaining or failure to obtain a license required of a resident of the state claimed as a domicile that is the factor to consider. 17A Am.Jur, Domicil, Sec. 100, pp. 270–271. However, in this case failure of the defendant to secure a California driver's license is explained by the fact that he neither owned nor possessed an automobile while in California during that year. There is some conflict in the record as to whether the defendant did, in fact, possess a 1963 South Dakota hunting and fishing license. In the defendant's deposition taken before trial, he stated he did have a 1963 South Dakota hunting and fishing license which he used in the summer of 1963. However, in his affidavit submitted in opposition to this motion, he recalls that he did not have such licenses in 1963. Assuming, however, that the defendant did possess such South Dakota licenses, such fact is of little importance in deciding this motion. If the defendant carried on these

because, after close perusal of the record before us, and briefs of these parties, we are convinced that Judge Mickelson, having a judicial reputation for keen legal acumen, penetrating insight and sagacity, was fully alert to, and did, intelligently adjudicate all the legal and factual issues which appellant now asserts and submits to us for review in this appeal; —particularly the issues as to whether appellee as an "emancipated youth" was a resident and did maintain a separate residence in the State of California from that of his father's residence in the State of South Dakota, when removal of the case at bar was perfected; and there was competent evidence adduced before him so to do. Such are the only matters submitted to this Court for review in this appeal.

In the record before us, it appears without dispute:

"That all claims of the plaintiff (appellant) as set forth in the affidavits (filed in support of his aftertrial) motion (ante) were known to the plaintiff (appellant) before this action was tried by (the) Court (below); that (counsel for appellee) had discussed the question of (diversity) jurisdiction (as now belatedly raised) with (appellant's) attorney before trial (of this case on its merits) and plaintiff's (i. e. appellant's) attorney was (then) asked if the question of jurisdiction (as now raised in this appeal) would be raised before trial and (appellee's counsel) was advised plaintiff intended to try (this) case without raising (such) issue; that the question of jurisdiction was not raised at (any) pre-trial conference; that the defendant (appellee) had been put to a considerable expense to return from California to South Dakota on two occasions for the purpose of * * * trial" (Pars. added.)

of the case at bar on its merits. (R., p. 26).

The foregoing matter was fully known to Judge Mickelson. We emphasize that fact because it is apparent from his opin-

---

activities in the summer of 1963, before he left for California, he was obligated to have South Dakota licenses. The fact that he did not possess a hunting and fishing license in California can undoubtedly be explained by the fact that he did not carry on these activities in California.

"The fact that the defendant did not inform his draft board of his change of address can be given little weight. Alex Shank, father of the defendant, states in his affidavit that he was advised at all times as to the defendant's whereabouts. Thus it is understandable that the defendant, undoubtedly like numerous other registrants, failed to notify the board of his change of address.

"The filing of a 1963 federal income tax return at Aberdeen, South Dakota, with a Canton, South Dakota, address given, is of doubtful significance. Since his 1963 return would be required to be filed in 1964, his address given thereon would not be determinative of his domicile at the time of service of process.

"Furthermore, the defendant has stated that he left South Dakota with the intention to find employment in another state, and that he did not intend to return to South Dakota except for the purpose of visiting his parents and friends. He

states that his intention was to go to California to live. That the defendant did in fact live in California is without dispute. Defendant also states in his affidavit that when he returned to South Dakota for the purpose of visiting his parents (during which visit he was served with process), he maintained his apartment in California with the intention of returning thereto to accept employment offered to him upon his return. The affidavit of the defendant's father further supports the defendant's intention to maintain California as his domicile. Both the defendant's declarations and his actual residency in California are strong factors to consider. Indeed it is said that the mere fact of residence in a place is prima facie evidence of domicile there. 17A Am. Jur., Domicil, Sec. 88, pp. 258–260. The Court is of the opinion that one defendant's citizenship or domicile at the time of the commencement of this action has been established by the greater weight of the evidence to be in California.

"It is therefore the order of this Court that the plaintiff's motion to vacate judgment and to remand to the state court be denied. Counsel for the defendant will prepare and submit to the Court an appropriate order."

ion, *ante,* and the record before us as a whole, that there is no merit whatsoever in appellant's belated contention as made in the case at bar, respecting nondiversity jurisdiction.

As said by this Court in Ellis v. Southeast Construction Co., 260 F.2d 280, l. c. 281:

> "Generally speaking, in order '(to) acquire a domicil of choice, the law *requires the physical presence of a person at the place of the domicil claimed, coupled with the intention of making it his present home.* When these two facts concur, the change in domicil is instantaneous. Intention to live permanently at the claimed domicil is not required. If a person capable of making his choice honestly regards a place as his present home, the motive prompting him is immaterial.' "

The judgment appealed from is affirmed.