# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-3200

_____

In re: Levaquin Products Liability Litigation

------------------------------

John Schedin

*Plaintiff - Appellee*

v.

Ortho-McNeil-Janssen Pharmaceuticals, Inc.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: October 21, 2013
Filed: January 7, 2014

_____

Before RILEY, Chief Judge, BYE and MELLOY, Circuit Judges.

_____

RILEY, Chief Judge.

Ortho-McNeil-Janssen Pharmaceuticals, Inc. (OMJP)[1] appeals from an opinion and order of the district court[2] denying OMJP's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(2) and (3). Having jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

This case returns to us. See In re Levaquin Prods. Liab. Litig., 700 F.3d 1161 (8th Cir. 2012) (Levaquin I). In Levaquin I, we upheld a jury award of $630,000 in compensatory damages to John Schedin against OMJP for Achilles tendon injuries Schedin suffered while taking OMJP's prescription antibiotic Levaquin. See id. at 1163, 1165, 1170. We reversed the punitive damages award of $1,115,000 because Schedin failed to present clear and convincing evidence OMJP deliberately disregarded the safety of Levaquin users. See id. at 1170.

While Levaquin I was pending on appeal, OMJP moved for relief from judgment pursuant to Rule 60(b). OMJP asserted Schedin's expert biostatistician, Martin T. Wells, Ph.D., admitted after trial that he had not—as Schedin represented—provided all the information OMJP repeatedly requested during discovery regarding Dr. Wells's relative-risk calculations and supporting data. OMJP argued the calculations Schedin wrongfully withheld, if properly disclosed before trial in Levaquin I, would have undermined Dr. Wells's credibility and "the very foundation of [Schedin's] claim that levoflaxacin carries a greater risk of [Achilles tendon rupture] than other fluoroquinolones."

In requesting relief, OMJP proposed that Dr. Wells's withheld calculations were "newly discovered evidence that entitle[d] [OMJP] to relief from the judgment

[1]OMJP is now Janssen Pharmaceuticals, Inc.

[2]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

pursuant to Rule 60(b)(2)." OMJP also contended Schedin's "serious misconduct in failing to disclose" Dr. Wells's calculations, including telling Dr. Wells he need not disclose them, "independently" entitled OMJP to relief under Rule 60(b)(3). The district court denied OMJP's request for relief. OMJP timely appealed.

## II.    DISCUSSION

OMJP challenges the district court's denial of OMJP's request for relief from judgment under Rule 60(b)(2) and (3). Rule 60(b)(2) permits a district court to "relieve a party . . . from a final judgment" if the party presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b)(3) allows for relief in the event of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."

"Rule 60(b) provides for 'extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances.'" U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc., 320 F.3d 809, 815 (8th Cir. 2003) (quoting United States v. Young, 806 F.2d 805, 806 (8th Cir. 1987) (per curiam)). "A district court has wide discretion in ruling on a Rule 60(b) motion and we will only reverse for a clear abuse of discretion." Jones v. Swanson, 512 F.3d 1045, 1049 (8th Cir. 2008). "An abuse of discretion occurs where the district court fails to consider an important factor, gives significant weight to an irrelevant or improper factor, or commits a clear error of judgment in weighing those factors." Gen. Motors Corp. v. Harry Brown's, LLC, 563 F.3d 312, 316 (8th Cir. 2009).

OMJP contends the district court abused its discretion in denying OMJP relief from judgment under Rule 60(b)(2) based on "Schedin's delinquent and belated . . . disclosure of the calculation [Dr.] Wells performed while preparing Paragraph 32 of his Report regarding the relative risk of Achilles tendon rupture" to certain patients. To prevail on this "newly discovered evidence" claim under Rule 60(b)(2), OMJP

must establish "(1) the evidence was discovered after trial; (2) due diligence was exercised to discover the evidence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result." Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000).

Although unconvinced OMJP "was unable to recreate [Dr. Wells's] calculation before trial," the district court assumed OMJP "exercised due diligence" in obtaining the evidence. Yet the district court "den[ied] [OMJP]'s Rule 60(b)(2) motion because the newly discovered evidence was merely cumulative or impeaching and [OMJP] ha[d] not demonstrated that it was probable it would produce a different result." The district court reasoned Dr. Wells's calculations, even if material, would not have produced a different result because Dr. Wells's testimony was not "wholly undermined by the [new] calculation" and OMJP's liability was based on the whole record—not just Dr. Wells's testimony about relative toxicity. Having thoroughly reviewed the parties' submissions, the record, and the district court's well-reasoned order, we conclude the district court did not abuse its discretion in denying relief based on OMJP's claim of "newly discovered evidence."

We reach the same conclusion with respect to OMJP's misconduct claim under Rule 60(b)(3). To prevail on its Rule 60(b)(3) claim, OMJP must show by clear and convincing evidence that Schedin "'engaged in fraud or other misconduct and that this conduct prevented [OMJP] from fully and fairly presenting its case.'" E.F. Hutton & Co. v. Berns, 757 F.2d 215, 216-17 (8th Cir. 1985) (quoting Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983)). OMJP has not done that. We detect no abuse of discretion in the district court's finding that "the lack of [Dr. Well's] calculation did not prevent [OMJP] from mounting a vigorous . . . defense" and that "any misconduct d[id] not warrant a new trial."

-4-

## III.   CONCLUSION

"A district court does not abuse its discretion in denying a Rule 60(b) motion when the moving party fails to show that the alleged misrepresentations or newly discovered evidence 'would probably produce a different result.'" U.S. ex rel. Newell v. City of St. Paul, Minn., 728 F.3d 791, 799 (8th Cir. 2013) (quoting McCormack v. Citibank, N.A., 100 F.3d 532, 542 (8th Cir. 1996)).  Finding no abuse of discretion, we affirm the judgment of the district court.

_____