# United States Court of Appeals

### For the Eighth Circuit

———————————————

No. 20-2282

———————————————

Continental Indemnity Company, an Iowa Corporation

*Plaintiff - Appellant*

v.

IPFS of New York, LLC, a Limited Liability Company; IPFS Corporation

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the District of Nebraska - Omaha

——————————

Submitted: April 13, 2021
Filed: August 3, 2021

——————————

Before SMITH, Chief Judge, COLLOTON and ERICKSON, Circuit Judges.

——————————

SMITH, Chief Judge.

Continental Indemnity Company (CNI) owed IPFS Corporation (IPFS) the unearned premium[1] from an insurance policy that was cancelled prematurely, but the

———————————————

[1] An unearned premium is premium that is paid in advance for insurance coverage and is returned if an insurance policy is cancelled before the end of the policy term.

parties disputed the value of the unearned premium. The district court[2] granted partial summary judgment to IPFS; it agreed with IPFS that CNI owed $479,512.95 in unearned premium, but it denied IPFS's request for prejudgment interest. IPFS subsequently filed a motion to amend under Federal Rule of Civil Procedure 59(e), requesting prejudgment interest. The district court granted the motion and amended the judgment to include $42,880.80 in prejudgment interest. CNI appeals, arguing that the district court erred by granting IPFS's Rule 59(e) motion for prejudgment interest. Alternatively, it argues that the district court miscalculated the amount of prejudgment interest. We affirm.

## I. *Background*

CNI is an insurance carrier that provides workers' compensation insurance policies. CNI issued a workers' compensation insurance policy to AGL Industries, Inc. (AGL) on February 14, 2016. The policy was renewed annually. On February 14, 2019, CNI renewed the policy through February 14, 2020. The annual premium for the policy was $913,358.

In order to finance the premium, AGL executed a premium finance agreement (PFA) with IPFS, a premium financing company. Under the PFA, AGL would pay CNI $274,007.40 of the premium, and IPFS agreed to advance the remaining $639,350.60 of the premium to CNI on AGL's behalf. AGL agreed to repay the premium to IPFS on a monthly basis. Also under the PFA, AGL assigned to IPFS the rights to any gross unearned premium in the event that the underlying insurance policy was cancelled prematurely.

CNI cancelled the insurance policy on April 19, 2019, because AGL did not pay as promised. IPFS asserted its right, pursuant to the PFA, to any unearned

---

[2]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska, now deceased.

premium resulting from the policy's premature cancellation. CNI refused to pay, however. CNI agreed that it owed IPFS a refund of the unearned premium but disagreed as to the amount. CNI brought a declaratory judgment action in Nebraska state court, which IPFS removed to federal district court on diversity grounds.[3] IPFS filed counterclaims for unjust enrichment and conversion and moved for summary judgment. IPFS argued that the value of the unearned premium was $479,512.95, while CNI maintained that the value was $300,435.81. In its reply brief in support of summary judgment, IPFS argued that it was also entitled to prejudgment interest.

On March 16, 2020, the district court granted summary judgment to IPFS on its claims of unjust enrichment and conversion. The court determined that CNI owed IPFS $479,512.95 in unearned premium, which it calculated by subtracting the earned premium due to CNI from the amount IPFS advanced under the PFA.[4] However, the court denied IPFS's claim for prejudgment interest because "[t]he [c]ourt [would] not entertain arguments raised for the first time in a reply brief." *Cont'l Indem. Co. v. IPFS of N.Y., LLC*, No. 8:19-cv-485, 2020 WL 2910003, at *1 n.1 (D. Neb. June 3, 2020) (first alteration in original) (quotation omitted).

---

[3]CNI is incorporated in Iowa and has its principal place of business in Nebraska. IPFS is incorporated in Missouri and has its principal place of business in Missouri.

[4]The district court used the following chart to show its calculations:

| A | B | C | D | E |
|---|---|---|---|---|
| Total Policy Amount | Percent of Contract Term | Amount Financed | Earned Premium $(A * B)$ | Unearned Premium $(C - D)$ |
| $913,358.00 | 17.5% | $639,350.60 | $159,837.65 | $479,512.95 |

After entry of final judgment, IPFS filed a Rule 59(e) motion to amend, arguing that it was entitled to prejudgment interest. The district court granted the motion, explaining that Rule 59(e) is the proper vehicle for a post-judgment motion for prejudgment interest and that "[a] district court has broad discretion to alter or amend a judgment under Rule 59(e)." *Id.* at *1 (quoting *SFH, Inc. v. Millard Refrigerated Servs., Inc.*, 339 F.3d 738, 746 (8th Cir. 2003)). The district court acknowledged that it "did not address the merits of prejudgment interest before entering judgment," but it determined that "[w]hile arguments presented for the first time in a Rule 59(e) motion are deemed forfeited, the grant or denial of prejudgment interest is an exception to this general rule." *Id.* (alteration in original) (quoting *In re Redondo Constr. Corp.*, 678 F.3d 115, 122 (1st Cir. 2012)). The court noted that IPFS did in fact "request prejudgment interest before entry of judgment in its Reply Brief in Support of Summary Judgment" but that "[t]he [c]ourt did not reach the merits on this request" because IPFS raised it for the first time in its reply brief. *Id.* at *1 n.1.

After determining that Nebraska law applies to the issue of prejudgment interest, the district court applied Nebraska's 12-percent interest rate[5] to the final judgment of $479,512.95. Interest thus accrued at $157.65 per day. Multiplying that by the number of days between the date the cause of action arose and the entry of judgment (272 days), the court determined that IPFS was entitled to prejudgment interest in the amount of $42,880.80. CNI timely appealed.

## II. *Discussion*

CNI makes two arguments on appeal. First, it argues that the district court erred by granting IPFS's Rule 59(e) motion because the motion was improper. Second, it argues that even if IPFS's Rule 59(e) motion was proper, the district court erred by

---

[5]Nebraska law provides that "[u]nless otherwise agreed, interest shall be allowed at the rate of twelve percent per annum." Neb. Rev. Stat. § 45-104.

incorrectly calculating the amount of prejudgment interest. We address each contention in turn.

A. *Rule 59(e) Motion*

CNI argues that the district court should not have granted IPFS's Rule 59(e) motion because IPFS was not entitled to request prejudgment interest for the first time in such a motion. We review rulings on Rule 59(e) motions for abuse of discretion: "District courts have 'broad discretion in determining whether to alter or amend judgment' under Rule 59(e); we 'will not reverse absent a clear abuse of discretion.'" *Ryan v. Ryan*, 889 F.3d 499, 507–08 (8th Cir. 2018) (quoting *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999)).

"Motions under Rule 59(e) 'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Id.* at 507 (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). However, the Supreme Court held in *Osterneck v. Ernst & Whinney* "that a postjudgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)." 489 U.S. 169, 175 (1989). The Supreme Court reasoned that "prejudgment interest is subject to Rule 59(e) because it 'is an element of plaintiff's complete compensation' and it 'does not raise issues wholly collateral to the judgment in the main cause of action.'" *Reyher v. Champion Int'l Corp.*, 975 F.2d 483, 488 (8th Cir. 1992) (quoting *Osterneck*, 489 U.S. at 175).

CNI acknowledges that, under *Osterneck*, a Rule 59(e) motion is a proper procedural vehicle to make an argument regarding prejudgment interest. It argues, however, that a party cannot make such an argument *for the first time* in a Rule 59(e) motion, and it seeks to distinguish *Osterneck* from this case on that ground. CNI relies primarily on two cases that each affirmed a district court's denial of a Rule

59(e) motion because prejudgment interest was requested for the first time in that motion: *First State Bank of Monticello v. Ohio Casualty Insurance Co.*, 555 F.3d 564 (7th Cir. 2009), and *United States v. Great American Insurance Co. of New York*, 738 F.3d 1320 (Fed. Cir. 2013).

CNI's reliance on these cases is misplaced. These cases do not stand for the principle that a party *cannot* raise the issue for the first time in a Rule 59(e) motion; rather, they stand for the principle that the district court has the discretion to deny a motion on that ground. For example, in *First State Bank*, the Seventh Circuit explained that "[t]he district court was *entitled* to conclude that raising the issue of prejudgment interest for the first time in a Rule 59(e) motion, after summary judgment was entered, was too late." 555 F.3d at 572 (emphasis added). Accordingly, the district court had not abused its discretion by denying the plaintiff's Rule 59(e) motion for prejudgment interest. *Id.* And in *Great American Insurance*, where the district court had also denied a request for prejudgment interest that was raised for the first time in a Rule 59(e) motion, the Federal Circuit explained that because "[a] Rule 59(e) motion cannot be used to raise arguments which could, and should, have been made before the judgment issued. . . ., the [district] court *acted within its discretion* in concluding that the government's arguments in support of prejudgment interest, briefed for the first time in its motion to amend, came too late." 738 F.3d at 1328 (emphasis added) (quotation omitted). Contrary to CNI's suggested interpretation, we do not read these cases as prohibiting district courts from considering such motions. Notably, CNI could not provide this court with any case in which a district court was reversed for granting a Rule 59(e) motion requesting prejudgment interest after entry of judgment.

Moreover, other courts have concluded that arguments related to prejudgment interest can be properly raised for the first time in a Rule 59(e) motion. In *Redondo*, for example, one party filed a Rule 59(e) motion contesting the district court's award of prejudgment interest to the other party. 678 F.3d at 120. On appeal, the party that had been assigned prejudgment interest argued that the opposing party's challenge

to prejudgment interest was not preserved because it was raised for the first time in a Rule 59(e) motion. *Id.* The First Circuit disagreed, finding that the appellant "preserved this issue [of prejudgment interest] by spelling out its position in its motion to alter or amend the judgment." *Id.* at 122. The court explained that

> [w]hile arguments presented for the first time in a Rule 59(e) motion ordinarily are deemed forfeited, the grant or denial of prejudgment interest is an exception to this general rule. Indeed, we regularly have recognized that Rule 59(e) is an appropriate vehicle for the resolution of disputes about prejudgment interest.

*Id.* (citation omitted).

In sum, we decline to impose the bright-line rule that CNI urges. The fact that IPFS did not request prejudgment interest in its initial summary judgment briefing does not mean that the district court was prohibited from considering the request in a post-judgment Rule 59(e) motion.[6] Whether to grant the motion was within the district court's discretion, and it did not abuse that discretion in doing so.

---

[6]Several district courts have concluded similarly to the First Circuit and exercised their discretion in granting such a motion. *See, e.g.*, *Jacobson Warehouse Co. v. Schnuck Markets, Inc.*, No. 4:17-cv-00764-JAR, 2020 WL 833606, at *3 (E.D. Mo. Feb. 20, 2020) (addressing a claim for prejudgment interest that was raised for the first time in a Rule 59(e) motion because "prejudgment interest . . . 'is an element of plaintiff's complete compensation' and 'does not raise issues wholly collateral to the judgment in the main cause of action.'" (quoting *Reyher*, 975 F.2d at 488)); *Fin. Cas. & Surety Co. v. Zouvelos*, No. 12-cv-3476-AMD-RLM, 2018 WL 3950634, at *2 n.4 (E.D.N.Y. May 3, 2018) (rejecting the argument that a Rule 59(e) motion for prejudgment interest was untimely because it was raised for the first time after entry of judgment and stating that "[t]he Supreme Court has made clear that Rule 59 post-judgment motions are the typical mechanism for seeking prejudgment interest"); *Chiulli v. Newbury Fine Dining, Inc.*, No. 10-10488-JLT, 2013 WL 5494723, at *2 (D. Mass. Sept. 30, 2013) ("If a post judgment motion includes a request for prejudgment interest, Rule 59(e) provides the appropriate avenue for relief." (citing *Redondo*, 678 F.3d at 122; *Crowe v. Bolduc*, 365 F.3d 86, 92–93 (1st Cir. 2004))).

B. *Calculating Prejudgment Interest*

Next, CNI argues that even if IPFS's Rule 59(e) motion was proper, the district court miscalculated the amount of prejudgment interest owed by CNI under Nebraska law.[7] Specifically, CNI contends that the district court erred when it concluded that IPFS's entire claim was liquidated and thus subject to prejudgment interest.

In Nebraska, "[prejudgment] interest . . . shall accrue on the unpaid balance of liquidated claims from the date the cause of action arose until the entry of judgment." Neb. Rev. Stat. § 45-103.02(2). "Prejudgment interest is available only when a claim is liquidated, that is, when there is no reasonable controversy either as to the plaintiff's right to recover or as to the amount of such recovery." *Davis v. Davis*, 660 N.W.2d 162, 167 (Neb. 2003); *see also Albrecht v. Fettig*, 932 N.W.2d 331, 342 (Neb. Ct. App. 2019). "This [reasonableness] inquiry requires an exercise of discretion by the district court." *Lincoln Benefit*, 243 F.3d at 462–63. Thus, while we review a district court's application of state law de novo, "we review the district court's decision to award interest under [§] 45-103.02(2) for abuse of discretion." *Id.* at 463.

"The amount of a claim is liquidated when the evidence furnishes a basis to compute an exact amount determinable without opinion or discretion inherent in the factfinding process." *Pugh v. Great Plains Ins. Co.*, 474 N.W.2d 677, 682 (Neb. 1991). For example, a claim is liquidated when the amount "can be readily determined" by an agreed-upon formula. *RSUI Indem. Co. v. Bacon*, 810 N.W.2d 666, 676 (Neb. 2011). That is the case here. The parties agreed that, based on the PFA, IPFS was entitled to a refund of unearned premium on a pro rata basis. This involved a simple calculation by which the district court determined the earned and unearned

---

[7]"State law governs whether a diversity litigant may recover pre-judgment interest." *Lincoln Benefit Life Co. v. Edwards*, 243 F.3d 457, 462 (8th Cir. 2001) (per curiam). The parties do not dispute on appeal that Nebraska law applies.

premium in proportion to the time the contract operated (17.5 percent of its term). IPFS was entitled to a return of the amount it financed ($639,350.60) minus the percentage of the total premium earned during the policy's operation ($913,358.00 x 17.5 percent = $159,837.65). This equals $479,512.95.

CNI contends, however, that $479,512.95 was not liquidated because CNI contested IPFS's right to that amount. But "[t]he mere contesting of the amount of or right to recovery does not alone create a reasonable controversy. Rather, the challenge asserted must be reasonable." *Lincoln Benefit*, 243 F.3d at 462 (citations omitted). CNI's asserted challenge is "that IPFS, as an assignee, may only recover the unearned premiums to the same extent as the assignor, AGL." Appellant's Br. at 13–14. According to CNI, the uncontested amount is $300,435.81 because "[t]he unearned premium due CNI from AGL's Workers' Compensation Insurance Policy . . . was a total of $338,914.79" and "[d]educting this amount from the amount financed by IPFS equals $300,435.81." *Id.* at 14.

We agree with the district court that CNI's challenge is not reasonable. CNI has consistently acknowledged that IPFS is entitled to the unearned premium on a pro rata basis.[8] Yet CNI urges that the district court should have offset that amount by an unrelated amount that AGL owes CNI. We reject this argument because we have explained that under Nebraska law, "[a]n asserted right to an offset does not render an amount unliquidated." *Lincoln Benefit*, 243 F.3d at 463 (citing *Wiebe Constr. Co.*

---

[8]*See* Compl., Ex. A, at 3, *Cont'l Indem. Co. v. IPFS of N.Y., LLC*, No. 8:19-cv-00485-LSC-CRZ (D. Neb. 2020), ECF No. 1-1 ("IPFS was entitled to a return of unearned premium pursuant to and in accordance with the PFA."); Pl.'s Br. in Opp'n to Summ. J. at 7, *Cont'l Indem. Co. v. IPFS of N.Y., LLC*, No. 8:19-cv-00485-LSC-CRZ (D. Neb. 2020), ECF No. 26 ("As a result of the cancellation of the 2019 Policy, I[P]FS was entitled to a refund of unearned premium on a pro-rata basis.").

*v. Sch. Dist. of Millard*, 255 N.W.2d 413, 417 (Neb. 1977) (explaining "that if the trier of fact finds against the [opposing party] on the offset, prejudgment interest should be awarded on the [entire] claim")).

Because the district court could readily determine the amount based on the PFA and no reasonable controversy existed as to the amount, the district court did not abuse its discretion by concluding that the entire claim was liquidated and subject to prejudgment interest. Based on that liquidated amount, the district court correctly concluded that CNI owed prejudgment interest in the amount of $42,880.80.

### III. *Conclusion*

For the foregoing reasons, we affirm the district court's judgment.

_____